UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD GRIFFIN,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC ARNOLD,<br><br>    Respondent. | Case No. 16-cv-02775-VC  (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING REQUESTS FOR EVIDENTIARY HEARING AND FOR APPOINTMENT OF COUNSEL; DENYING CERTIFICATE OF APPEALABILITY** |

James Edward Griffin filed a *pro se* petition for a writ of habeas corpus challenging the validity of his state criminal conviction. He also requests an evidentiary hearing and appointment of counsel. Because Griffin's claims lack merit, the petition and requests for an evidentiary hearing and appointment of counsel are denied.

## PROCEDURAL BACKGROUND

In 2012, a jury convicted Griffin of second degree murder with personal use of a deadly weapon (a knife). Griffin was sentenced to 15 years for murder and an additional year for the weapon enhancement. Griffin appealed to the California Court of Appeal, which affirmed the judgment in a written unpublished opinion. *See People v. Griffin*, 2014 WL 1931990 (Cal. Ct. App. May 15, 2014) (unpublished). On August 27, 2014, the California Supreme Court summarily denied his petition for review. On July 1, 2015, Griffin filed a petition for a writ of habeas corpus in the California Superior Court, which was denied on October 2, 2015. Griffin's petitions for a writ of habeas corpus were denied by the Court of Appeal on November 25, 2015, and by the California Supreme Court on April 13, 2016.

On May 23, 2016, Griffin filed this timely federal petition for a writ of habeas corpus alleging the following claims: (1) the trial court wrongly admitted evidence of Griffin's

connection to the Hell's Angels Motorcycle Club; (2) erroneous jury instruction on voluntary manslaughter; (3) prosecutorial misconduct; (4) violation of due process when the trial court discharged a juror during deliberations; (5) ineffective assistance of trial counsel; (6) ineffective assistance of appellate counsel; and (7) failure to instruct on self-defense in mutual combat. The California Court of Appeal rejected Griffin's first four claims in its written opinion. There is no written opinion on the last three claims.

## STANDARD OF REVIEW

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). This is a highly deferential standard for evaluating state court rulings: "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Additionally, habeas relief is warranted only if the constitutional error at issue "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Penry v. Johnson*, 532 U.S. 782, 795 (2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

## DISCUSSION

The trial proceedings and the evidence presented against Griffin are described thoroughly by the California Court of Appeal in its opinion affirming the judgment on direct appeal. *See Griffin*, 2014 WL 1931990, *1-4. This Court now rules as follows on the claims presented by

the habeas petition:

- On habeas review, "only if there is no permissible inferences that the jury may draw from the evidence can its admission violate due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991). It was not wholly unreasonable for the California Court of Appeal to conclude that the evidence of Griffin's connection to the Hell's Angels was relevant to refute Griffin's claim of self-defense because it put into question whether the victim, who was much smaller than Griffin, was likely to have attacked and wrestled with Griffin when he believed that Griffin was a member of the Hell's Angels. *See Griffin*, 2014 WL 1931990, *5. And even if constitutional error occurred, the admission of the evidence did not have a "substantial and injurious effect or influence in determining the jury's verdict" *see Brecht*, 507 U.S. at 637. Griffin admitted that he stabbed the victim, but he claimed he acted in self-defense. As explained by the Court of Appeal, there was compelling evidence that Griffin did not act in self-defense. *Griffin*, 2014 WL 1931990, at *5. Because the jury heard this inculpatory evidence, the omission of the Hell's Angels evidence would not have affected the verdict. Furthermore, the jury was given a limiting instruction about the Hell's Angels evidence, and it is presumed to have followed that instruction. *Id.*; *Aguilar v. Alexander*, 125 F.3d 815, 820 (9th Cir. 1997).
- Even if Griffin's claim of instructional error on voluntary manslaughter is not procedurally defaulted, *see Griffin*, 2014 WL 1931990, at *6, it is not cognizable on federal habeas review because it requires an interpretation of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (state court's interpretation of state law binds a federal court sitting in habeas corpus).
- The prosecutor's comments during closing argument did not render the trial unfair. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (defendant's due process rights only violated when a prosecutor's misconduct renders a trial "fundamentally unfair"). The prosecutor's comments on provocation, judged as a whole, were a correct statement of state law and, even if the law was misstated, any misstatement was slight, quickly

corrected and unlikely to mislead the jury. *See Griffin*, 2014 WL 1931990, at *7. Furthermore, any prejudice from a misstatement of the law was mitigated by the correct instruction on provocation and by the instruction that counsel may argue their view of the law, but the jury must follow the court's instructions. *See Aguilar*, 125 F.3d at 820; *Darden*, 477 U.S. at 183.

- Even if Griffin's claim about the prosecutor's comments on self-defense and imperfect self-defense is not procedurally defaulted, see *see Griffin*, 2014 WL 1931990, at *8, it is not cognizable on federal habeas review; the Court of Appeal found that the prosecutor correctly stated the law and a state court's interpretation of its own law cannot be reviewed in a federal habeas corpus proceeding. *See Bradshaw*, 546 U.S. at 76.

- Griffin's claim that the prosecutor improperly referred to an exhibit that had not been admitted into evidence fails because the Court of Appeal, in reviewing the record, found that the document was admitted. *See Griffin*, 2014 WL 1931990, at *9. A state court's finding of fact is accorded deference on habeas review. *See Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004) (the question on habeas review of purely factual questions under 28 U.S.C. § 2254(d)(2) is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record).

- Even if the prosecutor referred to the wrong jury instruction, implying that the jury could disregard all of Griffin's statements based upon his false statement to the police, the prosecutor's erroneous reference was harmless under *Brecht*. First, the jury was given the curative instruction that counsel's arguments are not evidence. Second, as discussed previously, there was strong evidence of Griffin's guilt. *See Trillo v. Biter*, 769 F.3d 995, 1001-02 (9th Cir. 2014) (prosecutor's improper statement harmless under *Brecht* because it was a single statement and there was powerful evidence of guilt). Finally, as reasonably found by the Court of Appeal, the jury instruction to which the prosecutor referred did not relieve the jury of its obligation to evaluate the credibility of all of

Griffin's statements to the police because it additionally instructed, "if you think the witness lied about some things, but told the truth about others, you may simply accept the part that you think is true and ignore the rest." *Griffin*, 2014 WL 1931990, at *10.

- The Court of Appeal reasonably rejected Griffin's claim that the trial court violated his due process rights by removing Juror No. 36 during deliberations and replacing that juror with an alternate. *See Perez v. Marshall*, 119 F.3d 1422, 1426 (9th Cir. 1997) (on habeas review, trial court's factual findings regarding juror fitness entitled to special deference); *see also Skilling v. United States*, 561 U.S. 358, 396 (2010) (in reviewing claims of juror bias, the deference due to trial court is "at its pinnacle"). The trial court found that Juror No. 36's failure to disclose her arrests for domestic violence was intentional given the multiple questions about it on the juror questionnaire and her equivocal responses to some questions, but not to others. *Griffin*, 2014 WL 1931990, at *12. The trial court also found the concealed information was material, particularly that Juror No. 36 had been arrested for a domestic violence incident involving use of a knife, because domestic violence was a central issue in Griffin's case, as was his use of a knife. *Id.* The trial court found Juror No. 36's incident so similar to Griffin's case that it did not "see how it cannot affect her ability to be fair." *Id.* The Court of Appeal reviewed the trial court's findings and, in a well-reasoned analysis, found the record showed "a proper basis for removing the juror." *Id.*

- Griffin's claim of ineffective assistance of trial counsel does not require habeas relief. To prevail on a Sixth Amendment ineffectiveness of counsel claim, a petitioner must establish that counsel's performance was deficient, i.e., that it fell below an objective standard of reasonableness under prevailing professional norms, and that counsel's deficient performance was prejudicial, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Harrington v. Richter*, 562 U.S. 86, 105 (2011) (doubly deferential standard of review used on

5

federal habeas review of ineffective assistance of counsel claims). Griffin's only claim about counsel is that he failed to inform the trial court of new evidence supporting his motion for a new trial and failed to obtain the court's permission to file an oversize brief for a new trial. By not identifying the new evidence that counsel failed to present and the information that required more than 23 pages, Griffin fails to establish counsel's performance was deficient or prejudicial.

- Griffin's claim of ineffective assistance of appellate counsel based on failure to include a claim that trial counsel was ineffective does not warrant habeas relief. As stated above, Griffin has not shown trial counsel was ineffective. Appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983); *see also Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) (weeding out of weaker issues recognized as one of the hallmarks of effective appellate advocacy).

- Griffin's claim that the trial court violated his right to a fair trial by failing to *sua sponte* instruct on CALCRIM 3471, which applies to self-defense in mutual combat, does not require habeas relief. Because the state court did not analyze this claim, the Court independently reviews the record to determine if the state court's denial was an objectively unreasonable application of clearly established federal law. *See Plascencia v. Alameida*, 467 F.3d 1190, 1198 (9th Cir. 2006). CALCRIM 3471 provides, in relevant part, "A person who engages in mutual combat/or who starts a fight has a right to self-defense only if: (1) he actually and in good faith tried to stop fighting; and (2) he indicated by word or conduct to his opponent, in a way a reasonable person would understand, that he wanted to stop fighting and that he had stopped fighting; and (in case of mutual combat) (3) he gave his opponent a chance to stop fighting." In denying this claim, the state court implicitly found that there was insufficient evidence to warrant giving the mutual combat instruction. *See Hopper v. Evans*, 456 U.S. 605, 611 (1982) (due process does not require that an instruction be given unless the evidence supports it);

*Menendez v. Terhune*, 422 F.3d 1012, 1029 (9th Cir. 2005)(state trial court's finding that evidence did not support an instruction is entitled to presumption of correctness). The record supports this finding.

> In his petition, Griffin describes his struggle with the victim as follows:
>
> [Griffin and the victim] engaged in a mutual combat style physical altercation. . . This fight escalated into a serious and violent struggle for control over a knife, and during the struggle, Shaner was stabbed in his back once. This wound led to his death minutes later. . . . In the State's videotape interview, Petitioner stated that he never sought to kill Shaner, but during the struggle, and on the floor of the homes kitchen, he and Shaner struggled and fought over a knife that Petitioner gained control over, and he averred that he had attempted to only "poke" Shaner with it to get him to stop his violent attack and end the fight. Instead, the knife entered Shaner's back, piercing his lung. . . . During the trial, both sides introduced evidence and testimony of Shaner's propensity towards extreme violent actions and behavior with an especially high degree of the use of knives . . .

Petition at 6c-6d; ECF No. 1 at 9-10. This description of the struggle does not support a defense under the mutual combat instruction because it does not state that Griffin stopped fighting, attempted to stop fighting and gave the victim the opportunity to stop fighting. It does support a defense of self-defense or imperfect self-defense; the trial court gave an instruction on those. *See* ECF No. 17-2 at 71-73. The self-defense instruction adequately covered the defense supported by the evidence. *See Ducket v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995) (no due process violation to reject a proposed defense instruction if other instructions, in their entirety, adequately cover the defense theory).

Furthermore, the evidence showed that Griffin did not try merely "to poke" the victim. A neighbor testified the victim had blood all over the top of his head running down the side of his head, his eyes were red and swollen, with gashes on his face and marks on his neck. *Griffin*, 2014 WL 1931990, at *5. The autopsy report found that the victim had been strangled, repeatedly punched in the face with great force and suffered deep cuts to his hand characteristic of defensive wounds incurred by a person resisting knife thrusts. *Id.* The fatal wound went into the victim's back and penetrated four

inches. *Id.* This physical evidence did not suggest that Griffin stopped fighting, attempted to stop fighting and gave his opponent the opportunity to stop fighting. Therefore, the trial court's failure to *sua sponte* give the mutual combat instruction did not violate due process.

- Griffin has not shown he is entitled to an evidentiary hearing in connection with his federal habeas petition. *See Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) (when state court record precludes habeas relief under § 2254(d), district court not required to hold evidentiary hearing).

- Because Griffin's claims do not warrant habeas relief, he is not entitled to appointment of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (appointment of counsel mandatory only when required by due process concerns and the interests of justice).

## CONCLUSION

Griffin's petition for a writ of habeas corpus is denied. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent and close the file

**IT IS SO ORDERED.**

Dated: June 9, 2017

_____
VINCE CHHABRIA
United States District Judge